IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRANDON J. DAVIS, Sr.,**

      **Applicant,**

v.                                               **No. CV-05-1358 MV/RHS**

**JASON JOHNSON, Governor,**
**Pueblo of Acoma,**

      **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING MOTION TO DISMISS

THIS MATTER comes before the Court on Respondent's Motion to Dismiss Because Application is Moot and Memorandum Brief in Support Thereof ("Motion"), filed on March 30, 2006 **[Doc. 19]** and the Court's order of reference, filed on April 19, 2006 **[Doc. 20]**. On December 23, 2005, the Applicant, Brandon Davis, Sr., initiated a habeas corpus proceeding seeking "relief from . . . [the Pueblo of Acoma Tribal Court's] failure to rule . . . [with respect to] a motion to Dismiss[1] [sic] on May 17, 2005 . . . ." (Motion for Relief ("Petition") at 1 **[Doc. 1]**.) Applicant alleges that he has "been detained pursuant to an 'official hold' that started the <u>pre-sentence confinement</u> for 23 months on a charge that carries a maximum sentence of six months." (<u>Id.</u> (emphasis in original).) In his Motion, Respondent argues that this action should be dismissed as moot. Having considered the Motion and being otherwise advised in the premises,

---

[1] The motion to dismiss apparently seeks dismissal of an escape charge associated with Pueblo of Acoma cause number 03-cr-514. (<u>See</u> "Motion to Dismiss as Final" and "Arrest Warrant" attached to Petition **[Doc. 1]**.)

the Court finds that the Motion is well taken and should be granted.

Respondent argues that the Petition is moot because the "Applicant is no longer detained in any way based upon a charge of escape; he is now incarcerated at Acoma Detention Facility to serve the remainder of his sentence imposed on October 16, 2003 by the Acoma Pueblo Tribal Court." (Motion at 1-2.) Respondent points to an order of the Pueblo of Acoma Tribal Court dated February 27, 2006, purportedly "dismiss[ing] without prejudice the [charge of] escape in the 1st degree" due to a defective complaint. (Judgement and Disposition Order, Ex. U attached to Motion.) Moreover, prior to January 26, 2006, the Applicant was apparently being held in the Laguna Detention Center, serving a two year period of incarceration based on a sentence imposed on January 26, 2004 by the Pueblo of Laguna Court. (See Pueblo of Laguna Respondents' Notice of Applicant's Release, Ex. A attached to Answer **[Doc. 13]**.) The Applicant makes no allegations and offers no evidence to the contrary.[2]

Based on the argument and evidence set forth above, the Court concludes that this habeas proceeding is moot because the Applicant is not being detained on the escape charge to which his Petition alludes. Accordingly, the Court recommends that Respondent's Motion to Dismiss Because Application is Moot and Memorandum Brief in Support Thereof **[Doc. 19]** be granted, that Applicant's Motion for Relief ("Petition") **[Doc. 1]** be denied, and that this civil proceeding be dismissed with prejudice.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to

---

[2]Indeed, the Applicant filed no response to Respondent's Motion. See D.N.M.LR-Civ. 7.1(b) (providing that a party's failure to file a response to a motion "within the time prescribed for doing so constitutes [his] consent to grant the motion").

such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE